IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| PAULA SMITH (f/k/a PAULA GARDNER), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION FILE |
| | ) | NO. 4:20-CV-304-CDL |
| EMS CARE AMBULANCE, LLC, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PROTECTIVE ORDER**

Discovery in this case may involve the review of confidential, and/or sensitive information regarding both parties, as well as confidential personnel files and related information regarding current and/or former employees of Defendant, EMS Care Ambulance, LLC of Columbus. The Defendant is willing to produce relevant, non-objectionable documents responsive to discovery requests that contain such confidential and/or sensitive information, so long as the other parties agree to limit such use of information solely to this action and in strict accordance with the terms and conditions of this Consent Protective Order. Therefore, to preclude discovery problems and to protect against the unauthorized dissemination and use of such information disclosed through discovery in this action, the Defendant, through counsel, requests the entry of this Proposed Protective Order. Accordingly, good cause having been shown, **IT IS HEREBY ORDERED THAT:**

1.

As used herein, the word "document" means (a) all papers, documents, and printed and written materials produced or furnished by, or obtained from the parties during the course of this

matter through discovery; (b) all copies, extracts, and complete or partial summaries prepared from such papers or documents; (c) portions of deposition transcripts and exhibits thereto which relate to, contain, or incorporate by reference any such papers, documents, copies, extracts, or summaries; (d) portions of briefs, memoranda, or any other writings, filed with the Court, and exhibits thereto, which relate to, contain, or incorporate by reference any such papers, documents, copies, extracts, or summaries; and (e) any materials which in the good faith judgment of counsel are work product materials.

2.

All documents produced and information furnished by a party which are identified by the party as confidential because they contain confidential, and/or sensitive information or are personnel files and related information regarding current and/or former employees of Defendant, or are other materials of a sensitive nature belonging to another party, shall be deemed **"CONFIDENTIAL"** and shall be treated as such by all persons to whom such documents are disclosed. Such confidential documents, and all copies, summaries, compilations, notes or abstracts, shall be used exclusively in this action and for no other purpose. Any documents deemed **"CONFIDENTIAL"** pursuant to this Order may not be disclosed wholly, in part, or in substance to persons not parties to this lawsuit except as set forth below.

3.

Any document marked "CONFIDENTIAL-ATTORNEY EYES ONLY" or otherwise designated "CONFIDENTIAL-ATTORNEY EYES ONLY" shall be accessible to and viewed only by counsel for the respective parties (hereinafter referred to as "Attorney Eyes Only Provision"). This Attorney Eyes Only Provision prohibits the attorney receiving discovery marked "CONFIDENTIAL-ATTORNEY EYES ONLY" or otherwise designated "CONFIDENTIAL-

ATTORNEY EYES ONLY" from sharing such discovery with his or her clients.  The purpose of the Attorney Eyes Only Provision is to facilitate the production of sensitive and confidential documents and information to opposing counsel and is in the interest of timely completing discovery tasks.  This Attorney Eyes Only Provision shall apply to sensitive financial documents, proprietary information, trade secrets, commercial information, and corporate documents and records.

BY THE COURT: Defendant asserts that it will limit the "Attorney Eyes Only" designation to its confidential financial information and its confidential corporate records.  If the requesting party objects to an "Attorney Eyes Only" designation, the parties shall follow the procedures set forth in paragraph 10.

4.

The Parties may use the confidential information for purposes of this litigation only. The Parties may also disclose confidential information to the witnesses and experts retained for the purpose of assisting the Parties in trial preparation and anyone else mutually agreed upon or approved by the Court.  Any individual to whom disclosures are made will be advised of this Order and must agree to be bound by its conditions prior to the disclosure of any information.  Absent such agreement, no disclosure may be made to such individuals. The Parties will not produce, publicize, or disclose confidential information in any fashion or any manner to any other person for any reason whatsoever, other than as allowed by this Order.  This prohibition of disclosure is intended to prohibit disclosure of original materials and any copies thereof.  The provisions of this Order shall not terminate at the conclusion of this action.

5.

This Order does not constitute a finding that the documents and information produced subject to this Order are material or relevant, or otherwise admissible at trial. This Agreement does not constitute a finding that Defendant has waived any objections to confidentiality, relevance or other objections to admissibility of the documents or information at trial, nor does it constitute a finding that Defendant has waived any objections to the production of same or similar information which may be sought in other litigation proceedings.

6.

Notwithstanding anything to the contrary in any discovery protective order issued by the Court, no provision of the same shall operate to exclude evidence from public disclosure when that evidence is relied upon in support of or in opposition to any motion or relevant to any hearing or trial. . If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion. BY THE COURT: The Court considered Plaintiff's objections to this paragraph and finds them to be without merit. This language tracks the Court's expectations for handling confidential materials. The Court will closely scrutinize any requests for leave to file under seal, with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record. Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal just because they are covered by this discovery protective order.

7.

If any confidential document is used during any deposition, the deposition or relevant portions thereof (as designated by agreement of counsel) shall be treated as confidential in accordance with paragraph 2, supra.

8.

Any party desiring to file with the Court documents designated as "CONFIDENTIAL" under this Order shall file a Motion To Seal with the Clerk of Court requesting the documents be filed under seal; the parties will otherwise cooperate and use their best efforts to ensure that items to be filed with the Court which are marked "CONFIDENTIAL" will be filed under seal.

9.

Documents, other materials and deposition testimony designated as **"CONFIDENTIAL"** pursuant to the terms of this Order may be used only in connection with this case and may be disclosed only to the following persons:

(a)  Counsel of record, their associated attorneys, and their regularly employed support staff, including paralegal and clerical personnel, who have a need to review the documents or other materials to aid in the preparation of this case;

(b)  To the trial Court, and any court of competent appellate jurisdiction, as well as Court personnel, including stenographic reporters regularly employed by the Court;

(c)  To other stenographic reporters as are necessarily incident to the conduct of this action; and

(d)  Only on an as needed basis, to witnesses or prospective witnesses or other persons requested by counsel to furnish technical or other expert services, provided that such witnesses

agree not to disclose this information to any party or person outside this litigation and agree in writing to be bound by this Consent Protective Order;

(e)  To actual or potential deponents or witnesses who have preexisting knowledge of the confidential information, but only to the extent needed to sustain or oppose any claim or defense, to examine or cross-examine any such witness, or to support or oppose any motion before the court;

(f) To any other individual to whom, in good faith opinion of counsel of record for a party, confidential information must be disclosed or transmitted to help prepare for the prosecution or defense of this action; provided that counsel of record making the disclosure or transmittal first advise the individual of the terms and conditions of this Order and obtain his or her agreement to be bound by it.

10.

The party seeking discovery shall have the right to challenge any designation of confidentiality by seeking an order of the Court with respect to any information, documents or things. The party seeking discovery will treat all materials or information in accordance with the requirements of this Order during the pendency of such motion. The parties agree that before seeking any relief from the Court under this paragraph they will make a good faith effort to resolve any disputes concerning the confidential treatment of any information.

11.

Within thirty (30) days after the final termination of this litigation, all documents, transcripts or other materials afforded confidential treatment pursuant to this Order and in the possession of the parties or their counsel, including any extract, summaries or compilations taken therefrom, but

excluding any materials which in good faith judgment of counsel are work product materials, shall be returned to the party who furnished such materials, upon request, at the expense of the requesting party.

12.

The provisions of the Order will not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown.

13.

Neither Plaintiff nor Defendant nor their counsel of record shall copy, transcribe, or otherwise reproduce in written or any other form any part or portion of any confidential information for any purpose not expressly permitted hereunder. Nothing in this Order however, shall prevent disclosure beyond the terms of this Order if the parties consent in writing to such disclosure or if the Court, after notice to all affected parties, orders such disclosures. Moreover, this Order shall not limit any party's right to use its own confidential information in any manner it may choose. Nor shall this Order regulate the manner of receipt of any evidence at trial.

14.

Defendant certifies that good cause exists for this Protective Order.  Such good cause includes protecting sensitive financial information, trade secrets, and proprietary information of the Defendant from disclosure to the public, and most importantly competitors in its industry.

**SO ORDERED, this 14th day of September, 2021.**

S/Clay D. Land
HONORABLE CLAY D. LAND
United States District Court for the
Middle District of Georgia, Columbus Division